James Weiler, AZ Bar No. 034371
**ZOLDAN LAW GROUP, PLLC**
5050 North 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com

Attorney for Plaintiff
Allen Cottrill

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Allen Cottrill**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**LPI, Inc. d/b/a Tuff Spas** a Tennessee corporation;<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiff Allen Cottrill ("**Plaintiff**"), for his Complaint against Defendant LPI, Inc. d/b/a Tuff Spas (**"Defendant"**), hereby alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this action against Defendant for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**"); and retaliation for filing worker's compensation claim in violation of A.R.S. § 23-1501 ("**Arizona Employment Protection Act**" or "**AEPA**").

2.      This action is also brought to recover wage compensation, liquidated

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

damages, treble damages, compensatory, punitive and statutory penalties resulting from Defendant's violations of the FLSA, AWS, and AEPA.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over the Arizona state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6.      Plaintiff was employed by Defendant in this District.

## PARTIES

7.      At all relevant times to the matters alleged herein, Plaintiff Allen Cottrill resided in the District of Arizona.

8.      Plaintiff Allen Cottrill was a full-time employee of Defendant between 2016 to 2018 and again from April 6, 2020 until on or around May 27, 2021.

9.      At all relevant times, Plaintiff Allen Cottrill was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

10.      At all relevant times, Plaintiff Allen Cottrill was an employee of Defendant as defined by A.R.S. § 23-350(2).

11.      Defendant LPI, Inc. d/b/a Tuff Spas is a company authorized to do business in Arizona.

12.      Defendant LPI, Inc. d/b/a Tuff Spas was Plaintiff's employer as defined by

29 U.S.C. § 203(d).

13.     Defendant LPI, Inc. d/b/a Tuff Spas was Plaintiff's employer as defined by A.R.S. § 23-350(3).

14.     Upon information and reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2021.

15.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

16.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

17.     Plaintiff, in his work for Defendant, regularly handled goods produced and transported in interstate commerce.

18.     Plaintiff would communicate via telephone, email, and text message with Defendant.

19.     Plaintiff is a covered employee under individual coverage.

20.     Plaintiff is a covered employee under enterprise coverage.

## **FACTUAL ALLEGATIONS**

21.     On or around April 6, 2020, Plaintiff Allen Cottrill commenced employment with Defendant as a shift lead of Roto Molding for the first shift.

22.     From on or around April 6, 2020, to on or around May 27, 2021, Plaintiff Allen Cottrill was supposed to be paid $21/hour.  In May of 2021, Plaintiff received a raise to $26/hour.

23.     Plaintiff was a non-exempt employee.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

24. While an employee, Plaintiff was asked to work overtime by Defendant.

25. Plaintiff did not receive overtime wages for all of the time he worked for Defendant. More specifically, Defendant refused to pay Mr. Cottrill for any hours worked over 40 hours in a week.

26. Plaintiff estimates that he typically worked over 40 hours per week.

27. On numerous occasions, Plaintiff was also called in to work during the middle of the night to assist the night shift with troubleshooting the machines. Plaintiff was not compensated for his time.

28. Plaintiff was only paid for 40 or less hours of work in a given work week.

29. Defendant failed to properly compensate Plaintiff for all his overtime hours he worked.

30. Plaintiff, therefore, did not receive his proper FLSA overtime wages or compensation for all Arizona wages due and owing to him.

31. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

32. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

33. Defendant failed to post and keep posted in a conspicuous place the required poster/notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

34. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA was willful.

35. In early May 2021, Plaintiff was diagnosed with a work-related injury –

tendonitis in his arm – by his treating physician.

36.     Plaintiff informed Defendant of his injury, diagnosis and treatment shortly thereafter.

37.     In response, Defendant told Plaintiff to wait to see if the treatment he received would resolve the injury before further actions were taken regarding filing a worker's compensation claim.

38.     On or about May 20, 2021, Plaintiff informed Kathy Florez-Beatriz in human resources that the treatment did not work and that he needed to fill out workers' compensation paperwork.

39.     Ms. Florez-Beatriz filled out the workers' compensation paperwork and provided him with the name of the Company's designated doctor.

40.     On or about May 24, 2021, Plaintiff sought treatment from the Defendant's designated doctor. The doctor confirmed the tendonitis diagnosis, prescribed further treatment, and ordered work restrictions of no lifting over 25 lbs.

41.     On or about May 24, 2021 Plaintiff provided Defendant with his work restrictions.

42.     In response, Defendant assigned Plaintiff light duty work that appeared to Plaintiff as though it were punishment for filing a worker's compensation claim.

43.     Throughout his shift supervisors and human resources employees would constantly monitor Plaintiff's work, surveil him and report back to management.

44.     On or about May 25, 2021, Plaintiff requested that he be assigned more of the job duties associated with his pre-injury position.

45.     Defendant denied his requests without providing a justification for doing so.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

46.     On or about May 26, 2021, Plaintiff's supervisor Jose Luis Ruiz informed him that his work hours would be reduced compared to his pre-injury work hours.

47.     On or about May 27. 2021, Plaintiff provided Defendant with a doctor's note stating that he could perform his normal job duties except lifting the heavy spa covers by himself.

48.     In response, Ms. Florez-Beatriz said that she would speak with the other managers about these new restrictions.

49.     Plaintiff voiced his concerns that he felt picked on, harassed and targeted since reporting his work injury and asked who he could speak with to report the retaliation.

50.     In response, Ms. Florez-Beatriz told Plaintiff that they were not going to discuss his complaints and that he needed to clock out and go home.

51.     Later on May 27, 2021, Plaintiff was terminated.

52.     Plaintiff was terminated because of his work injury and objections to what he believed to be retaliation for filing a workers' compensation claim.

53.     As a result of Defendant's actions, Plaintiff was damaged.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGE – FLSA – 29 U.S.C. § 207)

54.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

55.     At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

56.     Plaintiff was an employee entitled to the statutorily mandated overtime wage.

57.     Defendant has intentionally failed and/or refused to pay Plaintiff's overtime wage according to the provisions of the FLSA.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

58.     As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

59.     In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

60.     Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

61.     Defendant knew Plaintiff was not being compensated full overtime wages for time worked.

62.     Defendant knew its failure to pay overtime wage was a violation of the FLSA.

63.     Defendant has not made a good faith effort to comply with the FLSA.

64.     Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendant knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek from in or around April 6, 2020 until on or around May 27, 2021 and failed to pay proper overtime wages.

65.     Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

66.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67.     At all relevant times, Plaintiff was employed by Defendant within the meaning of the Arizona Wage Statute.

68.     Defendant was aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

69.     Defendant was aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

70.     Defendant failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

71.     Defendant has willfully failed and refused to timely pay wages due to Plaintiff.

72.     As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## COUNT III
## (ARIZONA EMPLOYMENT PROTECTION ACT)

73.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

74.     At all relevant times, Plaintiff was an employee under A.R.S. § 23-1501.

75.     At all relevant times, Defendant was an employer under A.R.S. § 23-1501.

76.     Defendant violated A.R.S. § 23-1501(3)(c)(iii) by terminating Plaintiff's employment in retaliation for exercising his rights under the workers' compensation statutes.

77.     As a result of Defendant's conduct, Plaintiff was damaged.

78.     Defendant acted with an evil mind, had ill will and intentionally caused harm to Plaintiff.  As such, Plaintiff is entitled to an award of punitive damages.

79.     Plaintiff was damaged in an amount to be proven at trial.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A.  For the Court to declare and find that the Defendant committed the following acts:

   i.  violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii.  willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

   iii. violated the Arizona Employment Protection Act under A.R.S. § 23-1501;

B.  For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C.  For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award lost wages damages including back pay and front pay, compensatory damages, and punitive damages.

F.  For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

G.  Any other remedies or judgments deemed just and equitable by this Court;

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1

**<u>JURY DEMAND</u>**

2

Plaintiff hereby demands a trial by jury of all issues so triable.

3

4

RESPECTFULLY SUBMITTED January 19, 2022.

5

**ZOLDAN LAW GROUP, PLLC**

6

By: /s/ James Weiler

7

    5050 N. 40th St., Suite 260

8

    Phoenix, AZ 85018
    Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com